IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
SEP 1 3 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TOMMIE WRIGHT<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 02C 2473<br><br>Judge Darrah<br><br>Magistrate Judge Brown |

DOCKETED
SEP 1 6 2002

## EXPERIAN'S RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR SANCTIONS

After refusing to provide his identifying information despite numerous requests from Experian, his counsel's promises, the requirements of Rule 26, and his obligation to respond to discovery requests, Plaintiff Tommy Wright now seeks to capitalize on his "hide the ball" tactics by filing his Motion for a Protective Order and for Sanctions (the "Motion"). Because of the nature of Experian's vast databases, this information is necessary for Experian to even begin to determine the validity of Plaintiff's claim that his credit report contains an inaccurate item.

Instead of providing his identifying information, Plaintiff brings this Motion, claiming that Experian is somehow in violation of Rule 11 for answering his complaint and disclosing information in its initial disclosures. However, based on the limited information available to it, Experian has complied fully with its obligations under the Federal Rules of Civil Procedure in both its answer to Plaintiff's complaint and in its Rule 26 disclosure obligations. Plaintiff goes even further and asks this Court for the unprecedented relief of preventing Experian from ever obtaining Plaintiff's identifying information, which would effectively preclude Experian from accessing Plaintiff's credit information and defending itself in this lawsuit.

Plaintiff's Motion is baseless in that there is no justification in law or in fact for either the imposition of sanctions or the entry of the protective order that Plaintiff seeks. Moreover, his Motion must be denied for the additional reason that it ignores the strict procedural requirements laid out in the Federal Rules of Civil Procedure. For the reasons both procedural and substantive described below, Plaintiff's Motion should be denied.

## I.   FACTUAL BACKGROUND

Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681a(f). Plaintiff brought this lawsuit under the FCRA claiming that Experian failed to properly reinvestigate an allegedly inaccurate item on his credit report. Plaintiff does not claim that he suffered any credit denial due to this item's presence on his credit report, nor does he claim that it was ever communicated to a third party. He claims damages based solely on his alleged emotional distress, humiliation, and embarrassment.

Experian's databases include approximately 300 million names of consumers and over three billion different accounts, judgments, and other records, called "tradelines." *See* Declaration of David Browne at ¶ 4, attached as Exhibit A. Experian does not store complete credit reports under each consumer's name. *Id.* at ¶ 5. Instead, it uses an elaborate relational database that matches a consumer's identifying information with appropriate trade lines. *Id.* In practice, the identifying information used by Experian consists of the consumer's full name, generation (e.g. Jr., III, etc.), address, date of birth, and social security number. *Id.* at ¶ 6.

Obtaining identifying information is essential to access a consumer's credit information in Experian's files or to conduct a reinvestigation following a consumer's dispute. *Id.* Only with this information can Experian determine which of the three billion tradelines pertain to a particular consumer. *Id.* at ¶ 5.

Experian's need for adequate identifying information of a consumer in order to access his file and investigate a dispute is consistent with the FCRA. For instance, the FCRA requires a consumer reporting agency to reinvestigate information disputed by a consumer unless the dispute is "frivolous or irrelevant." 15 U.S.C. § 1681i(a)(3). One way in which a dispute is deemed "frivolous or irrelevant" is if the consumer fails "to provide sufficient information to investigate the disputed information." *Id.* at § 1681i(a)(3)(A). Also, the Federal Trade Commission's official commentary to the FCRA requires a consumer reporting agency to "take reasonable steps to verify the identity of an individual seeking disclosure" of credit information. 16 C.F.R. Part 600, App., § 609.

Plaintiff has ignored the requirements of the FCRA and the realities of the consumer credit reporting industry by doing everything possible to prevent Experian from accessing its files as to information relating to him. From the beginning of this lawsuit, Experian's counsel has requested that Plaintiff's attorney provide Plaintiff's necessary identifying information to Experian. First, on April 23, 2002, Experian's attorney requested Plaintiff's identifying information by telephone and reiterated that request in a letter written the next day. *See* Letter attached as Exhibit B. In response, Plaintiff's counsel stated "I would be happy to disclose the information you request as part of our mandatory Rule 26(a) disclosures." *See* Letter of April 30, 2002, attached as Exhibit C. However, at the same time, Plaintiff's counsel also stated that neither Experian nor its counsel "has Mr. Wright's permission to access his consumer report without his written consent or some other permissible purpose . . ." *Id.* Experian's attorney wrote another letter to Plaintiff's attorney on May 1 asking for the identifying information. *See* Letter attached as Exhibit D. Again, Plaintiff's attorney refused this request.

On May 15, Experian filed its Answer and Affirmative Defenses to Complaint, asserting several affirmative defenses. In a telephone conference on June 5, Experian's counsel for a fourth time requested Plaintiff's identifying information. In response, Plaintiff's attorney again refused and stated that neither Experian nor its counsel had permission to access Plaintiff's consumer report. *See* June 10, 2002 Letter attached as Exhibit E. Plaintiff's counsel also "formally request[ed]" that Experian withdraw its answer "and refile an answer that complies with Rule 11." *Id.*

For a fifth time, Experian's attorney reiterated its request for Plaintiff's identifying information. *See* June 14, 2002 Letter attached as Exhibit F. Moreover, Experian's attorney alerted Plaintiff that to the extent he has been harmed by an error on his credit report, that harm "is attributable solely to [Plaintiff's counsel's] refusal to provide Experian with the information it needs to investigate and correct any errors in Mr. Wright's credit file." *Id.* Experian's attorney also reiterated that though its answer reflected the lack of information available to Experian due to Plaintiff's refusal to provide his identifying information, the answer complied with Rule 11. *Id.*

Contrary to Plaintiff's counsel's previous representation that he "would be happy to disclose" Plaintiff's identifying information as part of the mandatory Rule 26(a) disclosures, he failed to provide timely disclosures. When Plaintiff did serve his disclosures, contrary to his counsel's written assurance on April 30 (*See* Exhibit C) he did not disclose the promised identifying information, which is necessary for Experian to determine what credit information, if any, is inaccurate. *See* Disclosures attached as Exhibit G. In addition, despite describing at least five key documents in his complaint,[1] Plaintiff did not produce a single document. In fact, under

---

[1] Plaintiff's complaint alludes to several documents, including a "written notice" sent by Plaintiff (¶ 5), a "consumer report" (¶ 6), a "proof of payment" provided by Plaintiff (¶ 9), a communication in

CHI-1310666v2                  4

the "Documents" category of its disclosures, Plaintiff's entire response consisted of "A copy of Plaintiff's reinvestigation requ [sic]." Experian pointed out the obvious deficiencies in Plaintiff's disclosures and requested the immediate production of documents pursuant to Rule 26(a)(1)(B). *See* July 19, 2002 Letter attached as Exhibit I. To date, Plaintiff has not produced a single document to Experian pursuant to Rule 26(a)(1)(B).

Experian, on the other hand, timely served its Rule 26(a)(1) initial disclosures. *See* Disclosures attached as Exhibit J. Although it had limited information to disclose given Plaintiff's utter refusal to provide necessary identifying information, Experian listed two Experian employees who are "likely to have discoverable information" supporting Experian's defenses. *See* Fed. R. Civ. P. 26(a)(1)(A).

Given Plaintiff's inadequate Rule 26 disclosures, Experian served formal discovery on Plaintiff in the form of interrogatories and requests for production. Because Plaintiff has sued Experian claiming that its files contain an inaccurate item, Experian asked for, among other things, Plaintiff's social security number. In response, Plaintiff refused to answer on the grounds that he "can imagine no basis upon which this case relates to [his] Social Security number." *See* Responses attached as Exhibit K. Because Plaintiff in his complaint stated only that he "has suffered damages," Experian propounded interrogatories regarding Plaintiff's applications for credit and insurance, including any denials. Plaintiff also objected to each of these interrogatories.

Finally, without previously serving a copy of this Motion on Experian as required by Rule 11, and without conferring with Experian's counsel as required by Rule 26, Plaintiff filed

---

(continued...)
which Experian "wrote back," (¶ 10), and "another letter" sent by Plaintiff (¶ 11). *See* Complaint attached as Exhibit H.

his Motion on Friday August 23 and served it by mail. Experian's counsel received it on Wednesday August 28, with the Motion noticed for hearing the following day.

## II. ARGUMENT

### A. Plaintiff's Motion for Sanctions is both Procedurally and Substantively Deficient

#### 1. Plaintiff Ignored the 21-day Safe Harbor Provision of Rule 11

Rule 11(c)(1)(A) prescribes specific procedures for filing a motion for sanctions. Plaintiff blatantly ignores these procedures, and these failures alone are sufficient to defeat his motion.

Rule 11(c)(1)(A) requires that a motion for sanctions "shall be served as provided in Rule 5, *but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, . . . defense . . . or denial is not withdrawn or appropriately corrected.*" (emphasis added). This provision is intended as a "safe harbor" and one of its obvious purposes is to "reduce the number of motions for sanctions presented to the court." *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments. Indeed, "[p]arties should use the least expensive alternative to alert the court and the offending party of a possible Rule 11 violation." *Harding Univ. v. Consulting Serv. Group*, 48 F.Supp.2d 765, 770 (N.D. Ill. 1999).

This 21-day "safe harbor" provision "is not merely an empty formality." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999). In fact, "[a] court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has abused its discretion." *Id.* at 1025 (citing *Johnson v. Waddell & Reed*, 74 F.3d 147, 150-51 (7th Cir. 1996)); *see also Corley v. Rosewood Care Center, Inc.* 142 F.3d 1041, 1058 (sanctions under Rule 11 would be inappropriate where movant failed to comply with safe harbor provision and failed to make request for sanctions in separate motion).

Plaintiff filed his Motion on Friday August 23. Pursuant to the safe harbor provision of Rule 11(c)(1)(A), Plaintiff should have served his Motion on Experian on July 30 (if served by mail). Instead, Plaintiff served his Motion by mail on August 23, the same day he filed it with the Court. Because Plaintiff's service and filing fails to comply with the well-defined safe harbor procedures set out in Rule 11(c)(1)(A), his Motion must be denied. *See Gosnell v. Rentokil, Inc.*, 175 F.R.D. 508, 509 (N.D. Ill. 1997) (denying Rule 11 motion for attorney's fees for failure to comply with safe harbor mandate); *see also Fowler v. Freightliner Corp.*, No. 99 C 0988, 1999 WL 1000558, at *3 (N.D. Ill. Nov. 1, 1999) (Rule 11 relief precluded when movant served opposing party with motion on same day it filed motion with court).

Plaintiff alleges that a letter to Experian's counsel constitutes "the 21-safe [sic] harbor warning under Rule 11." Motion at ¶ 13. Plaintiff apparently relies on this "warning letter" to avoid the requirements of Rule 11(c)(1)(A). Plaintiff's reliance is misplaced. In fact, "courts in this Circuit have consistently denied Rule 11 motions on procedural grounds, where, prior to filing the motion, the movant sent a letter of warning rather than serving a formal motion for sanctions." *Dearborn Fin. Serv. Corp. v. Heath*, No. 98 CV 5222, 1999 WL 1011860, at *5 (N.D. Ill. Sept. 30, 1999) (denying motion for sanctions and holding that warning letter did not trigger running of safe harbor period). The safe harbor begins to run only upon service of the motion. *Id.*; *Harding Univ.*, 48 F.Supp. 2d at 770. "Multiple warnings given to the [other party] regarding defects in the presented claim are not motions[;] . . . [Rule 11] requires service of a motion." *Harding Univ.*, 48 F.Supp. 2d at 770 (citing *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)). To allow a warning letter to substitute for service of a motion would "wrench both the language and purpose of the amendment to the Rule to permit an informal warning to

substitute for service of a motion." *Barber*, 146 F.3d at 710. Because Plaintiff fails to comply with the safe harbor requirements of Rule 11(c)(1)(A), his motion for sanctions must be denied.

### 2.  Plaintiff Failed to Separately File his Motion for Sanctions

In addition to the safe harbor provision, Rule 11(c)(1)(A) also requires that "[a] motion for sanctions under [Rule 11] shall be made separately from other motions or requests..." Fed. R. Civ. P. 11(c)(1)(A). Plaintiff also has ignored this requirement of Rule 11.

Again, Plaintiff's failure to make his motion for sanctions separately from other motions is fatal. *See Johnson*, 74 F.3d at 151 (denying motion for sanctions when request for sanctions included as part of motion to dismiss); *see also Corley*, 142 F.3d at 1058 (same); *Jones v. Federal Home Loan Mortgage Corp.*, No. 97 C 5448, 2000 WL 335738, at *9 (N.D. Ill. Jan. 3, 2000) (same). His Motion is titled "Motion for a Protective Order and for Sanctions," and his allegations relating to sanctions are intermingled with those relating to the protective order. In fact, "[p]ermitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion." *Divane*, 200 F.3d at 1025. For this additional reason, the Motion for sanctions must be denied.

### 3.  Plaintiff's Motion for Sanctions is Baseless

In addition to the procedural defects in Plaintiff's Motion, either of which is fatal to his Motion, Plaintiff has no grounds for claiming that sanctions be imposed on Experian. Plaintiff and his counsel have wasted almost five months of the parties' and the Court's valuable time by refusing to engage in any meaningful Rule 26 disclosures. In contrast, Experian answered the complaint and provided Rule 26(a) disclosures to the extent of its limited knowledge given Plaintiff's unreasonable failure to cooperate. Experian should not now be punished for any alleged shortcomings caused by Plaintiff's obstructive and evasive tactics.

#### (a)  Experian's Answer Does Not Violate Rule 11

Rule 11(b) requires an attorney in a paper presented to the court to certify "***to the best of the person's knowledge, information, and belief,*** formed after an inquiry ***reasonable under the circumstances*** . . . that the . . . defenses . . . therein are warranted by existing law . . . " Rule 11, when taken in conjunction with Rule 8, requires only "a brief pre-filing investigation, not pre-filing discovery." *In re Excello Press, Inc.*, 967 F.2d 1109, 1115 (7th Cir. 1992) (finding an abuse of discretion in sanctioning party under Bankruptcy Rule counterpart to Rule 11 because "[a] reasonable pre-filing inquiry does not require pre-filing investigation of an affirmative defense when subsequent discovery would be beneficial to the development of the underlying facts and to evaluation of the legal validity of that affirmative defense"). In determining whether an attorney made a reasonable inquiry into the facts of the case, a court should consider factors such as "how much time for investigation was available to the [attorney]; how much did the attorney have to rely upon his client for the factual support for the document; . . . and the need for discovery to develop the factual circumstances underlying the claim." *See Thomas v. Capital Security Serv., Inc.*, 812 F.2d 984, 988 (5th Cir. 1987); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendments. Experian's investigation was reasonable under the circumstances given its information at the time. *See* Fed. R. Civ. P. 11(b); *see also* Exhibit A at ¶¶ 5, 6 (explaining need for identifying information to access information in Plaintiff's credit file).

Two of the major purposes for this Rule are "the deterrence of dilatory or abusive pretrial tactics and the streamlining of litigation." *Id.* Given Plaintiff's refusal to provide even the most basic identifying information, he should not now benefit from his delay tactics. Indeed, it would be ironic if Plaintiff were allowed to parlay his tactics, which clearly have not streamlined this litigation, into an order for sanctions against Experian.

### (b) Experian's Rule 26(a) Disclosures Comply with Rule 11

Under Rule 26(a)(1)(A), each party must identify "all persons who, based on the investigation conducted thus far, are *likely* to have discoverable information relevant to the factual disputes between the parties." Fed. R. Civ. P. 26(a)(1)(A) advisory committee's note to 1993 amendments (emphasis added). "[C]ounsel are expected to disclose the identify of those persons who may be used by them as witnesses or who, if their potential testimony were known, *might* reasonably be expected to be deposed or called as a witness by any of the parties." *Id.* (emphasis added). Based on the allegations in the Complaint, Experian identified two employees likely to have discoverable relevant information and who might be expected to be deposed or called as a witness.

Experian's disclosures also are consistent with the previous communications between counsel for both parties. Experian's attorney reiterated that Experian would "comply with the requirements of Rule 26(a) given the limited information that is available" to Experian at that time. *See* Exhibit F. Indeed, that is exactly what Experian did. It identified three individuals likely to have discoverable information supporting its defenses: Plaintiff and two employees of Experian. Based on Experian's knowledge to date, these three are likely "to have discoverable information that [Experian] may use to supports its . . . defenses." *See* Fed. R. Civ. P. 26(a)(1)(A).

### B. Plaintiff's Motion for a Protective Order is Procedurally Deficient and Unwarranted

Like his motion for sanctions, Plaintiff's motion for a protective order suffers from fatally deficient procedural and substantive defects. Based on each of these grounds, this Court should deny his motion for a protective order.

### 1. Plaintiff Failed to Comply with the Prerequisites of Rule 26(c)

A motion for a protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action . . . " Fed. R. Civ. P. 26(c). Like the 21-day safe harbor provision in Rule 11, the "meet and confer" requirement of Rule 26(c) clearly is intended to resolve discovery disputes without resorting to court action. *Id.*

Plaintiff's motion contains no such certification. Indeed, Plaintiff cannot make such a certification because his counsel never attempted to confer with Experian's counsel before he filed his Motion. In fact, prior to filing the Motion, Plaintiff's counsel never mentioned, either in person, by telephone, or in writing, that he would seek a protective order. Furthermore, at the brief hearing with the Court on August 29, the Court again instructed Plaintiff's counsel to confer with counsel for Experian regarding a protective order. To date, Plaintiff's counsel has made no attempt to contact Experian's counsel about this issue.

### 2. The Protective Order Sought by Plaintiff Would Prevent Experian from Accessing its Own Files

In seeking a protective order, Plaintiff apparently has misapprehended the restrictions described in the FCRA. In essence, Plaintiff is seeking to impose the extraordinary restriction on Experian that it not be able to access its own information and files. The FCRA, however, does not prevent Experian from accessing its own files. In actuality, the FCRA restricts a consumer reporting agency from disclosing a consumer's credit information to *a third party* without a permissible purpose. *See* 15 U.S.C. § 1681b.

The plain language of the FCRA makes clear that the "permissible purpose" restrictions do not apply to Experian accessing and gathering its own information. For instance, a "consumer reporting agency," such as Experian is defined as "any person which, for monetary fees . . .

regularly engages . . . in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports *to third parties*." *See* 15 U.S.C. § 1681a(f) (emphasis added). Clearly, Experian is not a "third party" if it is the consumer reporting agency. Similarly, the FCRA limits the permissible purposes for which a consumer reporting agency such as Experian can "furnish a consumer report." *See* § 1681b. The term "furnish" also connotes that Experian will provide or give the consumer report to another party, not to itself.

The FTC's official commentary on the FCRA confirms that Experian does not need a consumer's permission to access or gather that consumer's information. 16 C.F.R. Part 600, App., § 604. ("consumer reporting agencies may gather information, without consumers' permission"). In this case, that is exactly what Experian is doing. It is not disclosing Plaintiff's credit information to third party users (for which it would need a 'permissible purpose" as defined in § 1681b of the FCRA), but instead, Experian is gathering its own information. The clear language of the FCRA and its accompanying official commentary make clear that the FCRA was not intended to prohibit Experian from gathering or accessing it its own information. Furthermore, Plaintiff has not identified, nor is Experian aware of, any case in which a court prevented a defendant from accessing its own files to defend itself in a lawsuit based on the information contained in those files.[2]

Moreover, the case on which Plaintiff principally relies, *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998), is unavailing and readily distinguishable. In that case, a married couple sued an attorney and his law firm for procuring their credit report under false pretenses. The attorney had obtained the credit report in connection with his defense of an underlying lawsuit. In the

---

[2] For example, it is well-settled that personal tax returns generally are not discoverable. But, if a plaintiff sues the IRS based on his tax return, the IRS surely could access its own files on the plaintiff. Similarly, an employer's personnel files often are protected from disclosure. However, by Plaintiff's logic, an employer would not be able to access its own files regarding an employee who is suing it.

underlying suit, the couple sued their mortgage company claiming that it was negligent in inspecting a contaminated well. The attorney obtained the plaintiffs' credit report and used it to question them regarding a loan on the report that was arguably tangentially related to the underlying claims. The court focused its analysis on whether the attorney had a permissible purpose under the FCRA for obtaining the credit report, and it concluded that he did not because "the loan itself was not the subject of the lawsuit." *Id.* at 428.

The analysis in *Handmaker* is not relevant to the issues presented in this case. First, unlike the mortgage company in that case, Experian has been sued based on the very information Plaintiff now wants to prevent Experian from accessing. In other words, the credit report is the subject of the lawsuit. Second, as discussed above, Experian is not subject to the "permissible purpose" restrictions of the FCRA when it is gathering and accessing its own records. Experian, as a consumer reporting agency, simply cannot be compared to a "user" like the defendant in *Handmaker*. *See Wiggins v. District Cablevision, Inc.*, 853 F.Supp. 484, 489 (D.D.C. 1994) ("Congress has imposed different obligations upon consumer reporting agencies that provide consumer credit information and ***users*** of consumer reports"). A consumer reporting agency under the FCRA can only be liable under the "permissible purpose" framework for furnishing a credit report to a third party without a permissible purpose. *See* § 1681a, b.

Besides misapprehending the standards and framework of the FCRA, Plaintiff also mischaracterizes the information Experian seeks and its motives for seeking it. Experian is not seeking Plaintiff's credit report to gain an advantage in this litigation. Instead, Experian is requesting Plaintiff's identifying information in order to access Experian's own files, files which Plaintiff alleges contain inaccurate information and form the precise basis for his claims. This procedure is explicitly allowed by the FCRA and its FTC commentary. A consumer must

"provide sufficient information" to allow the consumer reporting agency to investigate a dispute. *See* 15 U.S.C. § 1681i(a)(3). Additionally, a consumer reporting agency is required to obtain such identifying information before disclosing credit information. 16 C.F.R. Part 600, App., § 609.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for a Protective Order and for Sanctions should be denied.

Dated: September 12, 2002                  Respectfully submitted,

                                                  Gregory S. Otsuka
                                                  JONES, DAY, REAVIS & POGUE
                                                  77 West Wacker Drive
                                                  Chicago, IL 60601-1692
                                                  Telephone: (312) 782-3939
                                                  Facsimile: (312) 782-8585

                                                  Counsel for Defendant
                                                  EXPERIAN INFORMATION SOLUTIONS,
                                                  INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the following attorneys of record herein at their respective addresses disclosed on the pleadings on the 12th day of September, 2002, by:

Christopher V. Langone
Mark T. Lavery
THE LANGONE LAW FIRM
25 E. Washington, Suite 1805
Chicago, Illinois 60602
312/782-2000 phone
312/782-2022 fax

[X] U.S. Mail
[ ] Hand-Delivered
[ ] Federal Express
[X] Facsimile (w/o exhibits)

Gregory S. Otsuka

CHI-1216397v5

# SEE CASE FILE FOR EXHIBITS